IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DEREK MILLER,                          )
                                       )
        Plaintiff,                     )
                                       )
    v.                                 )        Case No. 10-cv-00346-GPM-DGW
                                       )
VIPIN SHAH, M.D., et al.,              )
                                       )
        Defendants.                    )

## REPORT AND RECOMMENDATION

This matter has been referred to Magistrate Judge Donald G. Wilkerson by United States

District Judge G. Patrick Murphy pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil

Procedure 72(b), and Local Rule 72.1(a) for a Report and Recommendation on a Motion to

Dismiss and Memorandum in Support filed by Defendant Vipin Shah, M.D. (Docs. 14, 15) and

Motion to Dismiss and Memorandum in Support filed by Defendant St. Clair County Sheriff's

Department (Docs. 33, 34).  For the reasons set forth below, it is **RECOMMENDED** that the

Court **DENY** Defendants' Motions to Dismiss (Docs. 14, 33); and adopt the undersigned's

findings of fact and conclusions of law.

## FINDINGS OF FACT

Plaintiff Derek Miller ("Miller"), proceeding *pro se*, filed this action pursuant to 42

U.S.C. § 1983 for deprivations of his constitutional rights while he was detained at the St. Clair

County Jail (Doc. 1).  In his Complaint, Miller alleges that on December 23, 2009 after being

assaulted by another inmate in the day room at St. Clair County Jail, his immediate requests for

medical care were denied (Docs. 1, 8).  Miller claims that Defendants Vipin Shah, M.D. and the

St. Clair County Jail were deliberately indifferent to his medical needs, as he received no

medical treatment for his injury for over one week. *Id.*

Miller alleges that there is no prisoner grievance procedure at the St. Clair County Jail, but then asserts that he filed two grievances referencing the incident, on December 27, 2009 and December 31, 2009 (Doc. 1). Neither of the grievances is attached to the Complaint. Miller, however, attached a letter dated April 10, 2010 from Sgt. T. Grime of the St. Clair County Sheriff's Department advising Miller that the St. Clair County Sheriff's Department has no record of any grievances filed by him during the time period he was detained at the St. Clair County Jail. *Id.*

On January 14, 2011, Defendant Vipin Shah, M.D. ("Shah") filed a Motion to Dismiss asserting that Miller failed to exhaust his administrative remedies prior to filing suit pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997(e) (Doc. 14). Relying on the letter from Sgt. Grime, Shah argues that Miller failed to exhaust his available administrative remedies. *Id.*

On March 17, 2011, Defendant St. Clair County Sheriff's Department ("Sheriff's Department") (incorrectly referred to as the St. Clair County Jail) filed a Motion to Dismiss and Memorandum in Support also asserting that Miller failed to exhaust his administrative remedies (Docs. 33, 34). In support of its Motion to Dismiss, the Sheriff's Department submitted a copy of the St. Clair County Jail Detainee Rules and Regulations. The Detainee Rules and Regulations is a twenty-three page document which describes the rules of the jail, services available at the jail, what inmates may expect from jail officials, and what jail officials expect of jail inmates (Doc. 34-1). The Sheriff's Department maintains that Miller and all jail detainees are given Detainee Rules and Regulations which, on page one states, "if you have any complaints, put them in writing and submit them to the Jail Superintendent, or me {Sheriff}" (Doc. 34). Defendant also asserts that each detainee is issued a "St. Clair County Sheriff's Department Request – Complaint Form" on which detainees are to write their complaints. *Id.*

Defendant states that this procedure "is in place to insure detainee complaints are acted upon." *Id.*

The Sheriff's Department also submitted the affidavit of Yvonne McCall in support of its Motion to Dismiss (Doc.34-3). Ms. McCall, an employee of the St. Clair County Sheriff's Department, is in charge of keeping records pertaining to inmate complaints. *Id.* In the affidavit, Ms. McCall testified that she had searched all of the records of the St. Clair County Jail from December 23, 2009 to February 5, 2010 (the dates Miller was detained in the St. Clair County Jail) and found no record that would indicate that Miller had ever filed a grievance or complaint during that time period. *Id.*

Defendant Shah adopted the arguments made in the motion (Doc. 36). Miller did not respond to either motion to dismiss.

**Pavey Hearing**

In light of the Seventh Circuit's opinion in *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), the undersigned held a hearing in the matter on April 14, 2011 to determine whether Plaintiff had properly exhausted his administrative remedies (Doc. 46).

At the hearing, Defendants acknowledged that the only written policy detailing the grievance procedure is a statement contained within a document titled, St. Clair County Jail Detainee Rules and Regulations, which provides, "I urge you to obey the instructions of the Correctional Staff and if you have any complaints, put them in writing and submit them to the Jail Superintendent, or me" (Doc. 46, pgs 5-6).

Defendants also maintained that once detainees are initially processed they are given verbal instructions on a number of policies, including the grievance procedure (Doc. 46, p. 7). In

support of this proposition, Yvonne McCall, the jail superintendent for St. Clair County Jail, testified that all incoming prisoners are advised of the following grievance procedure:

> If a detainee has a complaint, he may ask an officer for a complaint form. Once the detainee returns the complaint form back to the officer, the officer signs off on it and gives it to the supervisor on shift. The supervisor then signs off on the complaint and gives it to the captain or the superintendent. After the captain or superintendent rules on the complaint, a copy of the form is made and given to the detainee while the original is filed in her office.

*Id.* at pgs 9-10. Before Ms. McCall became a jail superintendent secretary, she was a correctional officer for St. Clair County Jail and testified that every night she worked, "the officer, the booking officer and the supervisor told the detainees step-by-step the process." *Id.* at p. 14. Ms. McCall admitted that there is no set time limit for the captain or superintendent to respond to the grievances, and was unsure of whether an appeals process existed because to her knowledge no inmate had ever appealed a ruling of the captain or superintendent. *Id.* at pgs. 11, 15-16. Ms. McCall reiterated her testimony that after searching her records, there was no evidence that Miller filed a grievance or any other handwritten complaints. *Id.* at p. 20. She further testified that no grievance had ever been mistakenly misplaced, nor has any inmate made such an allegation. *Id.* When asked whether the grievance procedure is documented anywhere in writing, Ms. McCall responded, "I don't know." *Id.* at p. 21.

Miller testified that he was never told about the grievance procedure and stated that the correctional officers refused to give him a complaint form, so he had get the form from another detainee (Doc. 46, pgs. 12-13). Miller also stated that he never received copies of his filed grievances. *Id.* at 15.

Defendants also called Levi Bridges, an officer with the St. Clair County Sheriff's Department, to testify (Doc. 46, p. 23). Mr. Bridges testified that he has been employed with the Sheriff's Department for six years and verified the grievance procedure as described by Ms.

McCall. *Id*. at p. 23. Mr. Bridges stated that he observed Ms. McCall search the records and confirmed that there was no record of Miller filing a complaint during the time he was detained at St. Clair County Jail. *Id.* at pgs. 23-24. Mr. Bridges also testified that he is not aware of any instance where grievances have been misplaced nor has he ever received complaints from inmates alleging that their grievances were not acted upon. *Id*. at p. 24.

## MOTION TO DISMISS STANDARD

It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner,* 404 U.S. 519 (1972), *reh'g denied,* 405 U.S. 948 (1972); s*ee also McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). To satisfy the notice pleading requirements of Federal Rule of Civil Procedure 8(a)(2) he plaintiff need only state his legal claim and provide "some indication . . . of time and place." *Thompson v. Washington,* 362 F.3d 969, 971 (7th Cir. 2004). While a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly,* 550, 554-555 (2007).

When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court takes the allegations in the complaint as true, viewing all facts-as well as any inferences reasonably drawn therefrom-in the light most favorable to the plaintiff. *Marshall-Mosby v. Corporate Receivables, Inc*., 205 F.3d 323, 326 (7th Cir. 2000). Dismissal should be denied whenever it appears that a basis for federal jurisdiction in fact exists or may exist and can be stated by the plaintiff. *Tarkowski v. Robert Bartlett Realty Co.,* 644 F.2d 1204, 1207 (7th Cir. 1980) (*quoting Littleton v. Berbling,* 468 F.2d 389 (7th Cir.1972)).

# CONCLUSIONS OF LAW

### *Exhaustion of Administrative Remedies*

The Prison Litigation Reform Act ("PLRA") provides:

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  Exhaustion of available administrative remedies is a precondition to suit.

*Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004).  *See also Perez v. Wis. Dept. of Corr.*, 182

F.3d 532, 534-535 (7th Cir. 1999) (stating that §1997e(a) of the PLRA "makes exhaustion a

precondition to bringing suit" under § 1983).  Failure to exhaust administrative remedies is an

affirmative defense; defendants bear the burden of proving a failure to exhaust. *See Jones v.*

*Bock*, 549 U.S. 199, 216 (2007); *Dole v. Chandler*, 483 F.3d 804, 809 (7th Cir. 2006).

The Supreme Court has interpreted the PLRA to require "proper exhaustion" prior to

filing suit. *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006).  This means "using all steps that the

agency holds out, and doing so properly (so that the agency addresses the issues on the merits)."

*Id.* at 90, (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)).

### *St. Clair County Jail Procedures*

In this case, the St. Clair County Jail  has not provided any steps or procedures by which

an inmate is to exhaust his administrative remedies.  Pursuant to the St. Clair County Jail

Detainee Rules and Regulations, an inmate who has a grievance should put his complaint in

writing and submit it to either the Jail Superintendent or the Sheriff. This grievance procedure

sets forth no time limits for an inmate to file a grievance or for the Jail Superintendent or Sheriff

to respond to the grievance.  Furthermore, there is no procedure for filing an appeal of a finding

of the Jail Superintendent or Sheriff.   Defendants contend that upon arrival to the St. Clair

County Jail, inmates are given a verbal instruction on, among other things, the grievance procedure process. Defendants, however, do not know for certain whether this procedure is recorded in any written document and cannot prove that Miller or any other inmate is given this instruction when they are processed at the St. Clair County Jail.

## CONCLUSION

Based upon the evidence presented to the Court, the St. Clair County Jail grievance procedure is deficient. Furthermore, Miller could not have complied with St. Clair County Jail's grievance procedure because there is no evidence that he was made aware of any procedure other than a brief reference in a twenty-three page document directing him to file a written complaint to the Jail Superintendent or Sheriff. Accordingly, the Court finds that Defendants have not met their burden of proving that Miller failed to exhaust his administrative remedies.

For the reasons set forth above, it is **RECOMMENDED** that the Court **DENY** Defendants' Motions to Dismiss (Docs. 14, 33); and adopt the undersigned's findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1, the parties shall have fourteen (14) days after service of this Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: June 8, 2011**

**DONALD G. WILKERSON**
**United States Magistrate Judge**